## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| Ferdin Yaftali and | : |
| Khwaja Sameullah Faizi, | : |
| *Plaintiffs* | : |
| | : |
| v. | : |
| | : |
| Temurbek Hikmatullaev, and | : |
| World Trade Solutions, LLC | : |
| | : |
| *Defendants.* | : |
| | : |

Case Number: 2:16 Cv. 04139 WB

## ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS
## WORLD TRADE SOLUTIONS, LLC AND TEMURBEK HIKMATULLAEV
## TO PLAINTIFFS' COMPLAINT

## PARTIES TO THE ACTION

1.      Admitted in Part, denied in part.  Defendants admit that the Plaintiff Yaftali is a U.S. citizen, but are without knowledge or information sufficient to form a belief as to his residence, and therefore deny the balance of the pleaded paragraph.

2.      Denied. Defendants are without knowledge or information sufficient to form a belief as to the allegations in Paragraph 2, which are therefore denied.

3.      It is admitted that Defendant Temurbek Hikmatullaev, incorrectly identified throughout the complaint as Hikmatullaev Temurbek, is a citizen of the United States and a resident of Pearland Texas.

4.      It is denied that Defendant World Trade Solutions, LLC is a registered Texas Company.  By way of further answer, Defendant World Trade Solutions, LLC is a Pennsylvania Limited Liability Company.

## JURISDICTION AND VENUE

5.      It is denied that this Court has diversity jurisdiction because both one of the Plaintiffs (Yaftali) and one of the Defendants (World Trade Solutions LLC) are personal and

corporate residents, respectively, of the Commonwealth of Pennsylvania. By way of further answer, the records of the Pennsylvania Department of States, as of November 7, 2016 report:

      a.  That World Trade Solutions LLC was incorporated in Pennsylvania on January 6, 2010 as a limited liability company and that the Corporation became effective that date.

      b.  That the company's status is "active"; and

      c.  That the entity number is 3927126.

    6.    Denied, by virtue of the failure to have diversity jurisdiction in the Federal District Court, but admit that, should this Court conclude that Federal diversity jurisdiction exists, then venue in the Eastern District of Pennsylvania is proper.

## COUNT ONE - BREACH OF CONTRACT

    7.    Defendants incorporate by reference their answers to paragraphs 1 through 6 as though fully set forth herein.

    8.    Admitted.

    9.    It is specifically denied that Defendant Hikmatullaev proposed a business contract with Plaintiffs, but by way of further answer it is admitted that Plaintiffs proposed a business arrangement with Defendant Hikmatullaev.  It is specifically denied that the Defendant Hikmatullaev proposed a loan from Plaintiffs to Defendant or that Defendant accepted such a proposal.  It is specifically denied that the parties met in Plaintiff's office but by way of further answer it is stated that the parties met at the residence of a relative of Defendant Hikmatullaev. It is specifically denied that there was any offer by Plaintiffs or acceptance of a loan arrangement, and it is therefore denied that there was any agreement to repay such loan at 30% interest rate.

    10.    Denied.

    11.    It is specifically denied that the Plaintiffs loaned money to Defendant but it is admitted that, pursuant to an oral business arrangement, funds were wired by Plaintiffs to an

account of Defendant World Trade Solutions LLC maintained for Defendant World Trade Solutions, LLC by Wells Fargo Bank.

12.     It is denied that the money was used to purchase "U.S. labeled batteries and cosmetics" except that it is admitted that the money was used to purchase batteries and cosmetics which were sitused in the United States, irrespective of their country of origin.

13.     It is denied that Defendant Hikmatullaev proposed a second loan arrangement to Plaintiffs.  It is admitted that Plaintiffs forwarded additional funds to Defendant for the purchase of additional goods for sale in overseas markets pursuant to an oral arrangement.  It is denied that Defendants agreed to return the funds advanced plus $170,000 in interest.

14.     Denied.

15.     It is denied that Plaintiffs advanced $100,348 as loan proceeds for the purchase by Defendant of goods, but it is admitted that such funds were advanced as part of the business arrangement.  It is denied that the funds advanced were expected to be returned with interest and in the amount as pleaded.

16.     It is admitted that at various times, Plaintiffs wired $40,000; $158,000 and $223,000 to an account maintained by Defendant, World Trade Solutions, LLC, but it is denied that Plaintiffs wired $58,000 or 183,000 UAE Dirhams to Defendants.  By way of further answer, Plaintiffs state that the sums of $58,000 and 183,000 UAE Dirhams were given to Defendant in cash, when Defendant Hikmatullaev was in the United Arab Emirates, requiring the Defendant to find a source to hold funds overseas until they could be used to purchase goods or otherwise pay for expenses.  All such payments were in violation of the oral agreement that the Plaintiffs would make a single sum payment, all of which would be wired to Defendant World Trade Solutions' account in the United States.  Said amounts wired or tendered in cash were substantially less than the $1.2 million which Plaintiffs promised Defendant that they would secure to obtain the planned purchases.

17.     It is admitted that some of the funds advanced by Plaintiffs to Defendant were used to buy merchandise sold under the Victoria's Secret label.  It is denied that all of the funds were so used.

18.     Admitted.

19.     It is admitted that some of the Victoria's Secret merchandise was sold.  It is denied that all of such merchandise was sold.  By way of further answer it is alleged by Defendants that the cornerstone of the arrangement between Plaintiffs and Defendants was that Plaintiffs would raise $1,200,000 for the purchase of U.S. products for sale in the United Arab Emirates – a volume of merchandise that would be sufficient to fill two full international shipping containers of goods.  When Plaintiffs failed to provide the necessary funds Defendants were forced ship the goods in numerous less-than-container-load (LCL) lots, which substantially increased the cost of international transportation and distribution, which, in turn, caused the prospective UAE purchasers to reject the goods because of the significantly increased delivered prices.

20.     Denied.

21.     Denied.

22.     Denied.

23.     Denied.

WHEREFORE, Defendants request judgment in their favor and against the Plaintiffs, along with Attorneys' fees, costs and such other relief as the Court may deem appropriate.

## COUNT II - ALTERNATIVE, FRAUD

24.     Defendants incorporate by reference their answers to paragraphs one through 23 as though fully set forth herein.

25.     Admitted.

26.     It is specifically denied that Defendant Hikmatullaev proposed a business contract with Plaintiffs, but it is admitted that Plaintiffs proposed a business arrangement with Defendant Hikmatullaev.  It is denied that the Defendants promised a 30% return on investment.

27.     Denied as stated. Defendants are without knowledge or information sufficient to form a belief as to the allegations in this paragraph except that Defendants admit that in some instances Plaintiffs wired funds to Defendant World Trade Solutions LLC's account maintained by Wells Fargo Bank and in other instances gave Defendant Hikmatullaev cash for the purchase of the goods.

28.     Admitted.

29.     Denied.

30.     It is admitted that Defendants ultimately assumed the responsibilities for the export from the United States and the import into the United Arab Emirates, but by way of further answer it is stated that Plaintiffs failed in their responsibilities to distribute the goods overseas, requiring the Defendants to mitigate damages by accepting receipt of the goods in the UAE and assuming responsibilities previously promised by the Plaintiffs to undertake.

31.     Admitted.

32.     Denied.

33.     Denied.

34.     Denied, except that Defendants admit that Plaintiffs took possession of the merchandise in question and sold them. The balance of this pleaded paragraph is denied.

35.     Denied. Defendants are without knowledge or information sufficient to form a belief as to the allegations in this paragraph.

36.     Admitted, but by way of further answer Defendant states that he personally absorbed the costs of freight, insurance and customs duties when Plaintiffs failed to advance the full $1,200,000 promised.

37.     Admits, but by way of further answer Defendant Hikmatullaev states that he returned the full profit to Plaintiffs.

38.     Denied.

39.     Denied. Defendants are without knowledge or information sufficient to form a belief as to what the Plaintiffs in this action believe or did not believe, and therefore they are denied.

40.     Denied. Defendants are without knowledge or information sufficient to form a belief as to the allegations in this paragraph.

41.     Denied. Defendants are without knowledge or information sufficient to form a belief as to the allegations in this paragraph.

42.     Denied.

43.     Denied. Defendants are without knowledge or information sufficient to form a belief as to the allegations in this paragraph.

44.     Denied. Defendants are without knowledge or information sufficient to form a belief as to the allegations in this paragraph.

45.     Denied. Defendants are without knowledge or information sufficient to form a belief as to the allegations in this paragraph.

46.     Denied.

47.     Denied.

48.     Denied.

49.     Denied.

50.     It is admitted that Defendant Hikmatullaev represented to Plaintiffs that a third party, identified in the pleaded paragraph as "Oybek" would contribute some of the funds that would offset the shortfall created by the failure of Plaintiffs to contribute the full $1.2 million dollars that they originally promised to raise. By way of further answer, Defendant states that the person identified as "Oybek" in fact contributed $310,000 to eliminate the shortfall of funds created by reason of Plaintiffs' breach of promise to perform.

51.     Denied.  Defendants are without knowledge or information sufficient to form a belief as to what Plaintiffs believed or did not believe.

52.     Denied.  Defendants are without knowledge or information sufficient to form a belief as to what Plaintiffs believed or did not believe.

53.     Denied.

54.     Denied.

WHEREFORE, Defendants request judgment in their favor and against the Plaintiffs, along with Attorneys' fees, costs and such other relief as the Court may deem appropriate.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Because Plaintiff Yaftali and Defendant World Trade Solutions LLC are, respectively, personal and corporate citizens of Pennsylvania, there is no diversity of citizenship and therefore no federal subject matter jurisdiction.

### Second Affirmative Defense

Plaintiffs' Complaint fails to state a claim upon which relief may be granted.

### Third Affirmative Defense

If Plaintiffs were damaged, which damages are denied, such damages were the result of intervening or superseding events factors or occurrences which were in not way caused by Defendants and for which Defendants are not responsible and not liable.

### Fourth Affirmative Defense

The Complaint is barred by reason of Plaintiffs' failure to mitigate their alleged damages or losses.

### Fifth Affirmative Defense

The damages claimed by Plaintiffs, if any, were caused in whole or in part by the acts or omissions of persons or entities other than Defendants, over whom Defendants had no control and for which Defendants have no liability. As to Plaintiffs or to any other entity or person whose conduct or intervening acts resulted in the alleged damages to Plaintiffs, if any, Defendants expressly plead the doctrines of assumption of risk, contributory negligence, comparative fault and/or comparative negligence, as well as the provisions of any applicable comparative fault and or comparative negligence and/or contributory negligence statute, law or policy of the Pennsylvania Comparative Negligence Act. Any recovery by Plaintiffs should be apportioned in direct proportion to such fault in accordance with applicable law.

### Sixth Affirmative Defense

If acts, omissions or fault of other persons or entities for which Defendants have no liability caused Plaintiffs' alleged damages, then such acts, omissions, or fault bar or limit any recovery from Defendants, as provided by Pennsylvania law or other applicable law.

### Seventh Affirmative Defense

The damages allegedly suffered in this action, which are denied, may have been caused, in whole or in part, by Plaintiffs' own fault, which bars or proportionately reduces liability, if any, for Plaintiffs' alleged damages.

### Eighth Affirmative Defense

The damages claimed by Plaintiffs, if any, were not caused by Defendants but resulted from superseding and/or intervening causes over which Defendants had no control.

### Ninth Affirmative Defense

No act or omission of the Defendants was malicious, willful, wanton, reckless, grossly negligent, or intentional, and therefore any award of punitive damages is barred.

**<u>Tenth Affirmative Defense</u>**

To the extent not stated above, the Defendants raise all affirmative defenses available under the law of Pennsylvania or other applicable law.

**<u>Eleventh Affirmative Defense</u>**

The Defendants reserve the right to assert additional defenses which may become available to them as investigation and discovery proceed.

WHEREFORE, Defendants request judgment in their favor and against Plaintiffs along with attorneys' fees, costs and such other relief as the Court may deem appropriate.

Respectfully Submitted

<u>/s/ William J. McDonough</u>
William J. Mc Donough (79713)
John P. Donohue (46324)
REED SMITH LLP
Three Logan Square, Suite 3100
1717 Arch Street
Philadelphia, PA 19103
<u>wmcdonough@reedsmith.com</u>
<u>jdonohue@reedsmith.com</u>

*Attorneys for Defendants*
*World Trade Solutions, LLC and*
*Temurbek Hikmatullaev*

Dated November 7, 2016

<u>**CERTIFICATE  OF SERVICE**</u>

I hereby certify that on November 7, 2016 a true and correct copy of the foregoing

Answer was served via the Court's electronic filing system and first class mail upon the

following parties:


Heather Russell Fine, Esquire
Griesling Law LLC
1717 Arch Street
Suite 3630
Philadelphia, PA  19103

Joseph A. Hennessey, Esquire
2 Wisconsin Circle
Suite 700
Chevy Chase, MD  20815

*Attorneys for Plaintiffs*



<u>*/s/ William J. McDonough*</u>
William J. McDonough